Law Offices of
Barton Atkinson & Murdoch, P.C.
70 N. Center, Ste. 2
P.O. Box 100
Rexburg, ID  83440
Breck Barton, Idaho State Bar #2006
Steven Atkinson, Idaho State Bar #10047
Marcia Murdoch, Idaho State Bar #8198
(208) 356-4880
icourts@bamattorneys.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MICHAEL DO,<br>             Plaintiff<br><br>         v.<br><br>BASIC AMERICAN, INC. d/b/a BASIC AMERICAN FOODS<br>             Defendant | Case No.: 4:21-cv-510<br><br>COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND SUPPLEMENTAL MATTERS<br><br>Jury Trial Demanded |

COMES NOW Plaintiff, Michael Do, by and through Steven A. Atkinson of Barton Atkinson & Murdoch, P.C., and hereby complains and alleges as follows.

I.

**Parties:**

A. Plaintiff is a resident of the State of Idaho with her principal domicile in Madison County.

B. Defendant Basic American, Inc. (hereinafter referred to as "BAF") is a Delaware Corporation incorporated pursuant to the laws of that state and doing business in Idaho as Basic American Foods. Defendant's principal place of business is located in Walnut Creek, Contra Costa County, California. Defendant conducts regular business in Idaho and maintains a registered agent in Nampa, Canyon County, Idaho.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

II.

**Jurisdiction:** This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin). Additionally, the Plaintiff respectfully requests this court exercise its supplemental jurisdiction pursuant to 28 U.C.S. § 1367 over Plaintiff's claim under Idaho law that Defendant terminated him in contravention of public policy (*See Jackson v. Minidoka Irrigation Dist.*, 98 Idaho 330, 563 P.2d 54 (Idaho 1977).

III.

### Background

A. Plaintiff began employment for BAF on or about August 18, 2007.
B. During the period when Plaintiff was employed at BAF, Defendant employed more than four hundred (400) employees.

### Statement of Claims

IV.

**Claim I:** Discharged from Employment on the Basis of Race/National Origin

Plaintiff is an Asian-American man of Vietnamese Origin. On April 3, 2020, he was terminated from employment on the basis that he had allegedly engaged in violations of the Employee Handbook. He was terminated during a meeting wherein Benjamin Johnson, the plant manager for BAF, and Sonya Johns, Plaintiff's immediate supervisor at BAF, indicated to him that he was done at the company. Thereafter, Benjamin Johnson escorted Plaintiff from the premises in the manner in which Plaintiff has witnessed other terminated employees be escorted from the premises. The discriminatory conduct which led to Plaintiff's termination is as follows:

A. Sometime in late December 2019 or early 2020, Plaintiff slipped while working with a white female co-worker. As he slipped, the co-worker caught his hand. By February 26, 2020, this incident had been reported to Human Resources for BAF as an incident of sexual harassment. Plaintiff defended himself against the allegation, but Human Resources personnel at BAF took the word of a white employee over the denial of Plaintiff, an individual of Vietnamese origin. Plaintiff was reprimanded for the incident. When Plaintiff refused to sign an acknowledgement form in connection with this incident, he was terminated.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

B. On or about December 13, 2019, Plaintiff reported a violation of the employee handbook when he witnessed a white male coworker reach down and tip back the chair of a female coworker, while the female coworker was currently sitting in the chair. Plaintiff reported the incident as a violation of company policy against horseplay and/or harassment to Human Resources at BAF. On of about December 18, 2019, Plaintiff met a representative from Human Resources at BAF. While not denying that the incident had occurred, the representative told Plaintiff that he could not have witnessed it and accused him of filing a false allegation against a coworker. He was reprimanded for providing false information on January 9, 2020. This reprimand has been used by BAF as an excuse for his treatment during the February 26, 2020 harassment complaint against Plaintiff.

C. In May 2019, Plaintiff was with a group of white coworkers. The coworkers were engaged in a game wherein they would pull name tags and gloves out of one another's pockets. When Plaintiff engaged in the game and pulled the gloves out of another employee's pocket, the play stopped. A co-worker took Plaintiff aside and told him that he had engaged in harassment. This matter was referred to Human Resources, and Plaintiff was reprimanded for engaging in the same conduct in which the white employees had engaged. This incident was referred to in the investigation of the February 26, 2020 harassment complaint which provided a basis for Plaintiff's termination.

V.

**Claim II:** Suspended from Work without pay on the Basis of Race/National Origin

While employed at BAF, Plaintiff suffered a work-related injury on or about October 15, 2019. Following the injury, he was placed on paid leave for a time and work limitations for a time. During this period, Plaintiff took sixty-four (64) hours of vacation time to visit family in Vietnam. He alerted BAF that he was going to be out of the country during this time. Upon his return, a representative from BAF told him he would be suspended because he had not obtained a work release or doctor's note as he was required to do. Representative of BAF claimed that some employees had left messages about the requirement; however, such messages would have been sent while Plaintiff was on vacation in Vietnam and unable to receive such messages, if sent. Upon his return, BAF suspended Plaintiff without pay on February 27, 2020. BAF did not offer a

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

grace period based on the missed communication. BAF held Plaintiff to an unrealistic standard that he should be able to receive notice from work while on vacation abroad. Plaintiff was unable to find a doctor to examine him who was approved by worker's compensation for some time. BAF refused to offer any additional grace period on the basis that Plaintiff encountered difficulty scheduling a doctor's appointment. Consequently, he was suspended until March 20, 2020 without pay. BAF's conduct during this episode was based at least in part on Plaintiff's race and national origin as he had been in Vietnam and could not be reached.

VI.

**Claim III:** Hostile Work Environment on the Basis of Race/National Origin

Plaintiff filed his discrimination complaint with the Idaho Human Rights Commission on July 13, 2020. During the 365 days prior to filing the complaint, Plaintiff suffered the following conduct as an employee of BAF:

A. In 2017, Plaintiff began to experience an allergic reaction while at work. The allergic reaction resulted in itchy, watery eyes and skin rashes/dermatitis. Plaintiff consulted with a doctor who determined he was allergic to cardboard. Plaintiff had to handle cardboard boxes whenever he worked on the "dry" part of the BAF food processing plant. Plaintiff requested an accommodation to work on the "wet" side of the plant where he would not have to work with dry cardboard. The representative from BAF told him that he would be terminated if he could not work on the "dry" part of the plant. However, BAF is capable of hiring employees that work only in the "wet" part of the plant, and BAF has hired white employees that work exclusively in one part of the plant. Plaintiff withdrew his requested accommodation in order to keep his job. When the representative of BAF heard this, she claimed that Plaintiff had lied to her about the allergy despite the fact that Plaintiff had a doctor's note indicating that he would have an allergic reaction near cardboard. Since 2017 including that period from July 14, 2019 forward, Plaintiff had to deal with itchy eyes and rashes whenever he worked on the "dry" part of the plant. The rashes are painful and the itchy eyes makes it difficult for him to work. Working with cardboard also made it difficult for him to breathe. Plaintiff's supervisor from at least July 14, 2019 forward (Sonya Johns) would frequently require him to work with cardboard despite his obvious discomfort and multiple requests to work elsewhere.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

B. Plaintiff was a certified forklift operator. His certification expired in February 2017. He routinely asked his supervisors including Sonya Johns after July 14, 2019 to be allowed to recertify. Sonya Johns and other supervising employees from BAF would always deny him his ability to recertify. White co-workers with significantly less experience and history with BAF than Plaintiff were frequently allowed to certify or re-certify as forklift operators while Plaintiff was not. On occasion, white supervisors would expect Plaintiff to operate a forklift without certification. Later, Plaintiff would be reprimanded to operating without proper certification. This untenable situation put Plaintiff under a great deal of stress.

C. Since July 14, 2019, white co-workers would call Plaintiff a slacker or lazy. Some white co-workers would imply that he was engaging in inappropriate conduct toward female co-workers. These comments were hurtful and cause Plaintiff personal distress.

D. Since July 14, 2019, white co-workers would frivolously accuse Plaintiff of untoward sexual conduct toward white female co-workers. Theses claims were baseless but caused Plaintiff a great deal of personal distress.

E. Since July 14, 2019, human resources employees and managers at BAF would automatically take the side of white employees against Plaintiff when reviewing harassment complaints. These same employees and managers would call Plaintiff a liar or imply that he was dishonest despite a lack of evidence that he had engaged in sexual harassment. Being accused of untruthfulness and generally treated unfairly as compared to white co-workers caused Plaintiff a great deal of emotional and mental distress.

## VII.

**Claim IV:** Wrongful Termination in Contravention of Public Policy under Idaho Law

At the time of his discharge from BAF, Plaintiff was still under some work limitations with respect to the workplace injury he sustained on or about October 15, 2021. BAF supervisors were noticeably upset by this worker's compensation claim. BAF sent a human resources employee to a doctor's appointment with Plaintiff on January 10, 2020. This person interfered with Plaintiff's ability to communication freely with the doctor. On February 27, 2020, Plaintiff was suspended from work for failing to provide a doctor's note in relation to his worker's

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

compensation claim. Plaintiff was only able to return to work on March 20, 2020. He was terminated two-weeks later. To the extent that Plaintiff's discharge was not solely discriminatory based on his race and/or national origin, Plaintiff alleges that his firing was related to his filing of a worker's compensation claim and the extensive treatment for a workplace injury. Termination of employee's for filing worker's compensation claims or taking advantage of worker's compensation benefits is contravenes Idaho public policy as it would have a necessary chilling affect on the willingness of workers to take advantage of the worker's compensation system.

## VIII.

**Attorney's Fees and Costs:** As a consequence of pursuing this action, Plaintiff has incurred and expects to incur attorney's fees and other costs of litigation.

## IX..

**Exhaustion of Administrative Remedies:** Plaintiff filed a charge with the Idaho Human Rights Commission regarding Defendant's alleged discriminatory conduct. The Idaho Human Rights Commission has since issued right to sue on September 30, 2021. Attached as Exhibit 1. The U.S. Equal Employment Opportunity Commission has also issued a right to sue on September 29, 2021. Attached as Exhibit 2.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:
1. For trial by jury on all issues triable by jury;
2. For an award of back pay damages in the amount of $65,000 for the wages Plaintiff could have earned had he hours not been suspended without pay in February and March 2020 or been terminated on April 3, 2021;
3. For compensatory damages as permitted by 42 U.S.C. § 1981a (b) in the amount of $130,000 for his pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life;
4. For punitive damages as permitted by U.S.C. 42 § 1981a (b) in the amount of $50,000 for the Defendants' malice and/or reckless indifference demonstrated by their discriminatory conduct;

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

5. For damages for loss of wages, loss of retirement benefits, and loss of accrued vacation time for state law claims;
6. For a reasonable attorney's fee, costs, and expert's fees as provided by U.S.C. 42 § 2000e-5 (k) and Idaho Code § 12-121 for state law claims.
7. For such further relief the court deems just and equitable.

**Certification and Closing:** Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: December 22, 2021

*/s/ Steven Atkinson*

_____
Steven Atkinson
Attorney for Plaintiff
Barton Atkinson & Murdoch, P.C.
70 N. Center, Suite 2
PO Box 100
Rexburg, ID 83440
Telephone: (208) 356-4880
Fax: (208) 356-4882
icourts@bamattorneys.com

COMPLAINT FOR EMPLOYMENT DISCRIMINATION